Ex parte Shawn Paul ANDERSON,[1]
Appellant.

No. 03–94–00688–CR.

Court of Appeals of Texas,
Austin.

June 28, 1995.

1. The cause has been restyled "Ex parte Shawn Paul Anderson" in accordance with the nature of the proceedings and appeals. Habeas corpus proceedings are separate and distinct proceedings from the criminal case or cases out of which the habeas proceedings arise. *See* Tex.Code Crim.Proc.Ann. art. 11.01, *et seq.* (West 1977). These habeas proceedings should be given different cause numbers than the criminal cases by the clerk of the court in which the habeas proceedings are filed regardless of the style or cause numbers placed on the habeas corpus petitions by counsel. The bench and the bar should be alert to this common mistake. By order dated December 7, 1994, this Court consolidated cause numbers 03–94–00688–CR, 03–94–00689–CR, and 03–94–690–CR into cause number 03–94–00688–CR.

Keith S. Hampton, Austin, for appellant.

Ken Anderson, Dist. Atty., John M. Bradley, Asst. Dist. Atty., Georgetown, for State.

Before JONES, KIDD and ONION,* JJ.

ONION, Justice.

The opinion and judgment in this cause issued May 17, 1995 are withdrawn. The following is the opinion of the Court.

* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex.Gov't Code Ann. § 74.003(b) (West 1988).

This appeal is taken from orders denying relief in pretrial habeas corpus proceedings in which appellant, Shawn Paul Anderson, attacked the constitutionality of the statute under which he was charged. In two points of error, appellant contends that he was denied the right to due process under the Fifth and Fourteenth Amendments to the United States Constitution and to the due course of the law under Article I, section 19 of the Texas Constitution "because the statutory provision 'sado-masochistic abuse' fails to give him fair notice of the prohibited conduct and encourages arbitrary enforcement of the statute."

In three indictments appellant is charged with intentionally or knowingly employing, authorizing, or inducing a child to engage in sexual conduct, "namely masturbation or sado-masochistic abuse." Each indictment relates to a different complainant. The indictment in trial cause no. 94–546–K26 contains two counts of the above described offense alleged to have occurred on different dates. The other two indictments contain four counts each.

The dates alleged in the indictments range from January 1, 1993 until January 27, 1994. Thus, appellant was charged under the Penal Code. Act of May 27, 1985, 69th Leg., R.S., ch. 530, § 1, 1985 Tex.Gen.Laws 2133 (Texas Penal Code § 43.25, as amended) (hereinafter former section 43.25).[2] Former section 43.25 provided in pertinent part:

(a) In this section:

(1) "Sexual performance" means any performance or part thereof that includes sexual conduct by a child younger than 17 years of age.

(2) "Sexual conduct" means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sado-masochistic abuse, or lewd exhibition of the genitals.

.     .     .     .     .

(8) "Sado-masochistic abuse" has the meaning defined by Section 43.24 of this code.

(b) A person commits an offense, if, knowing the character and content thereof, he employs, authorizes, or induces a child younger than 17 years of age to engage in sexual conduct or a sexual performance. A parent or legal guardian or custodian of a child younger than 17 years of age commits an offense if he consents to the participation by the child in a sexual performance.

(c) An offense under Subsection (b) of this section is a felony of the second degree.

(d) A person commits an offense if, knowing the character and content of the material, he produces, directs or promotes a performance that includes sexual conduct by a child younger than 17 years of age.

(e) An offense under Subsection (d) of this section is a felony of the third degree.

Each of the ten counts in the three indictments charge in pertinent part that appellant, "knowing the character and content thereof, intentionally or knowingly employed, authorized, or induced [complainant], a child younger than 17 years of age, to engage in sexual conduct, namely masturbation or sado-masochistic abuse." In *Summers v. State*, 845 S.W.2d 440 (Tex.App.—Eastland 1992, no pet.), the court wrote:

Prior to 1985, Section 43.25(b) provided that an offense occurred if a person employed, authorized, or induced a child younger than 17 years of age "to engage in a sexual performance." In 1985, the legislature amended Section 43.25(b) to read "to engage in sexual conduct or a sexual performance." The post-amendment language of Section 43.25(b) indicates the legislature's intent that employing, authorizing, or inducing a child to engage in *either sexual conduct or sexual performance is an offense under Section 43.25(b).* We disagree with appellant's contention that, by adding the words "sexual conduct or" to the statute, the legislature intended to limit the offense to only sexual performance as defined by Section 43.25(a)(1) and not to include sexual conduct as defined by Section 43.25(a)(2).

The indictment alleged an offense against the laws of the State of Texas as

2. *See now* Tex.Penal Code Ann. § 43.25 (West 1994), effective September 1, 1994.

defined by Section 43.25(b). Therefore, the trial court did not err in denying the motion to quash, and appellant's point of error is overruled.

*Id.* at 442 (emphasis added). It is clear that the indictments charged appellant with employing, authorizing or inducing a child to engage in sexual conduct, not sexual performance.

In his petitions for pretrial writs of habeas corpus appellant urged that former section 43.25(a)(8) is unconstitutionally void for vagueness. He noted that former section 43.25(a)(8) provided: "(8) 'Sado-masochistic abuse' has the meaning defined by section 43.24 of this code." Appellant then argued that section 43.24 (Sale, Distribution, or Display of Harmful Material to Minor) did not originally, nor has it since, contained any definition or even mention of "sado-masochistic abuse."[3] Appellant was correct in this assertion. Appellant argued that the legislature intended but failed to define the term and that such failure rendered subsection (a)(8) of former section 43.25 unconstitutionally vague. In his argument appellant did not explore the continued validity of former section 43.25 if subsection (a)(8) alone was declared unconstitutional. He did argue, however, that the failure of the legislation to define "sado-masochistic abuse" deprived him of fair notice of the prohibited conduct under former section 43.25(b) and encouraged arbitrary enforcement of the law.

It appears that the trial court issued the writs, but after a hearing on November 10, 1994, denied habeas corpus relief. Notices of appeal were then given. The statement of facts at the habeas hearing has not been brought forward in the appellate record. *See* Tex.R.App.P. 50(d) (providing that burden is on appellant to see that sufficient record is presented to show error requiring reversal). Appellant reurges the argument presented to the trial court.

Whenever an attack upon the constitutionality of a statute is presented for determination, we begin with the presumption that the statute is valid and that the legislature has not acted unreasonably or arbitrarily in enacting the statute. *See Ex parte Granviel,* 561 S.W.2d 503, 511 (Tex. Crim.App.1978); *Morris v. State,* 833 S.W.2d 624, 627 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd), *cert. denied,* —— U.S. ——, 113 S.Ct. 1387, 122 L.Ed.2d 762 (1993); *see also State v. Mendel,* 871 S.W.2d 906, 908 (Tex.App.—Houston [14th Dist.] 1994, no pet. h.); *State v. Fry,* 867 S.W.2d 398, 400 (Tex. App.—Houston [14th Dist.] 1993, no pet. h.). The burden rests upon the individual challenging the statute to establish its unconstitutionality. *Granviel,* 561 S.W.2d at 511. This Court must uphold the statute if a reasonable construction can be ascertained which will render the statute constitutional and carry out the legislative intent. *Ely v. State,* 582 S.W.2d 416, 419 (Tex.Crim.App. 1979); *Fry,* 867 S.W.2d at 400.

Appellant challenges the constitutionality of the statute on the basis of vagueness. In doing so, appellant must show that in its operation the statute is unconstitutional as applied to him in his situation; that it may be unconstitutional as to others is not sufficient. *Bynum,* 767 S.W.2d at 774. In passing on a vagueness challenge where no First Amendment rights are involved,[4] the reviewing court should not consider hypothetical situations but should scrutinize the statute only to determine whether it is impermissibly vague as applied to the challenging party's specific conduct. *Briggs v. State,* 740 S.W.2d

---

**3.** Section 43.24 was originally enacted as part of the 1973 Penal Code. Act of May 24, 1973, 63d Leg., R.S., ch. 399, § 1, 1973 Tex.Gen.Laws 833, 961 (Tex.Penal Code § 43.24, since amended). *See now* § 43.24 (West 1994).

**4.** A statute is considered impermissibly overbroad if, in addition to proscribing activities which may be forbidden, it sweeps speech or conduct protected by the First Amendment within *its* coverage. *Morehead v. State,* 807 S.W.2d 577, 580 (Tex.Crim.App.1991). An attack on a statute as being overbroad is normally reserved for complaints concerning First Amendment violations. *Bynum v. State,* 767 S.W.2d 769, 772 (Tex.Crim.App.1989). The United States Supreme Court has not recognized an "overbreadth" doctrine outside the limited context of the First Amendment. *United States v. Salerno,* 481 U.S. 739, 745, 107 S.Ct. 2095, 2100, 95 L.Ed.2d 697 (1987). Appellant has not complained that the statute in question concerns any First Amendment right. The overbreadth doctrine does not apply.

803, 806 (Tex.Crim.App.1987). A challenge that alleges vagueness as the basis for the unconstitutionality of a statute will be upheld only if the statute is impermissibly vague in all its applications. *Id.* A facial challenge is the most difficult because the challenger must establish that no set of circumstances exists under which the act would be valid. *Briggs v. State,* 789 S.W.2d 918, 923 (Tex. Crim.App.1990). In addition, pretrial attacks on the constitutionality of a statute are also difficult primarily because the facts of the case have not been developed, or if developed, have not been brought forward in the record. *See State v. Szela,* 820 S.W.2d 200, 205 (Tex.App.—Corpus Christi 1991, pet. ref'd).

■■■■ A reviewing court must make a two-pronged inquiry in the examination of a criminal statute for vagueness. The first inquiry is whether an ordinary, law-abiding person receives sufficient information from the statute that his conduct risks violating the criminal law. A statute is vague when persons of common intelligence must necessarily guess at its meaning and differ about its application. *See Cotton v. State,* 686 S.W.2d 140, 141 (Tex.Crim.App.1985). All penal laws must give fair notice to the populace about what activity is made criminal. *Bynum,* 767 S.W.2d at 773. A provision, however, need not be mathematically precise; it need only give fair warning, in light of common understanding and practices. *Grayned v. City of Rockford,* 408 U.S. 104, 110, 92 S.Ct. 2294, 2300, 33 L.Ed.2d 222 (1972); *Mendel,* 871 S.W.2d at 909. A statute is, however, unconstitutionally vague when no core of prohibited activity is defined. *Briggs,* 740 S.W.2d at 806.

■■■■ The second inquiry involves a determination of whether the statute provides sufficient notice to law enforcement personnel to prevent arbitrary or discriminatory enforcement. *Bynum,* 767 S.W.2d at 773. A statute must be sufficiently definite to avoid the possibility of arbitrary and erratic arrests and convictions. *Papachristou v. City of Jacksonville,* 405 U.S. 156, 162, 92 S.Ct. 839, 843, 31 L.Ed.2d 110 (1972). Either of these inquiries forms an independent ground for a finding of vagueness. *Adley v. State,* 718 S.W.2d 682, 685 (Tex.Crim.App.1985).

■■■■ A statute is not unconstitutionally vague merely because it fails to define words or terms used. *Engelking v. State,* 750 S.W.2d 213, 215 (Tex.Crim.App.1988); *Ahearn v. State,* 588 S.W.2d 327, 338 (Tex. Crim.App.1979). When words are not defined, they are ordinarily given their plain meaning unless the statute clearly shows that they were used in some other sense. *Daniels v. State,* 754 S.W.2d 214, 219 (Tex.Crim. App.1988); *State v. Garcia,* 823 S.W.2d 793, 798 (Tex.App.—San Antonio 1992, pet. ref'd). In the absence of special definitions, statutory language under attack as vague can be measured by common understanding and practices or construed in the sense generally understood. *Ely,* 582 S.W.2d at 419. Statutory words are to be read in context and construed according to the rules of grammar and common usage. Tex.Gov't Code Ann. § 311.011(a) (West 1988); *State v. Sandoval,* 842 S.W.2d 782, 787 (Tex.App.—Corpus Christi 1992, pet. ref'd).

■■■■ The term "sado-masochistic abuse" is found in the definition of "sexual conduct." *See* former § 43.25(a)(2) in effect at the time of alleged offenses. It is *only one* of the meanings attributed to "sexual conduct." Most of the meanings are not statutorily defined. In former section 43.25(a)(7), the reader is referred to former section 43.01 of the Code for the definition of "deviate sexual intercourse." In former section 43.25(a)(8), the reader is referred to former section 43.24 of the Code for the definition of "sado-masochistic abuse." As noted, section 43.24 has never contained any reference to "sado-masochistic abuse." It was not amended in 1985 when subsection (a)(8) was added to former section 43.25. The current version of section 43.24 makes no mention of the term. In fact, current section 43.25 no longer has a subsection (a)(8). It has been repealed. Tex.Penal Code Ann. § 43.25 (1994).

■■■■ Whether the legislature intended to define "sado-masochistic abuse" and did not, or whether there was a mistake, omission or oversight in legislative draftsmanship, the term itself is neither vague nor indefinite.

"Sadism" means a condition in which sexual gratification depends largely on the infliction of pain on others (after Comte Donatien Alphonse Francoise de Sade 1740–1814, French novelist and libertine called Marquis de Sade). *The Reader's Digest Great Encyclopedic Dictionary* 1182 (1956). "Masochism" means a condition in which sexual gratification depends largely on undergoing physical pain and humiliation (after Leopold Von Sacher–Masoch 1835–95, Austrian novelist who described this condition). *Id.* at 832. An individual practices "sadism" by deriving sexual gratification from physically or mentally abusing another person, and practices masochism by deriving sexual gratification from having someone else physically or mentally abuse the individual. *Webster's New Twentieth Century Dictionary,* 1106, 1594 (2d Ed.1975). It follows that "sado-masochism" means sexual gratification from inflicting or receiving physical or mental abuse. *The Random House Dictionary of The English Language,* 1690 (2d Ed.1987); *see also Webster's Medical Desk Dictionary* 630 (1986). "Sado-masochism" also has been described as a "tendency to simultaneous sadism and masochism." *The American Heritage Dictionary of the English Language* 1142 (1973). One medical encyclopedia offers a common sense meaning of sado-masochism: "Sexual arousal caused by inflicting pain or punishment (sadism) or by receiving abuse (masochism). Sadism and masochism may be combined in a person, although one trait usually predominates." *The American Medical Association Encyclopedia of Medicine* 878–89 (1989). "Abuse" is, of course, defined as "1. To use wrongly or improperly misuse. 2. To hurt or injure by maltreatment." *The American Heritage Dictionary of the English Language* 6 (1973). Words defined in dictionaries and with meanings so well known as to be understood by a person of ordinary intelligence have been held not to be vague and indefinite. *Floyd v. State,* 575 S.W.2d 21, 23 (Tex.Crim.App.1978); *Sandoval,* 842 S.W.2d at 787.

Former section 43.25 is presumed valid. Appellant has not overcome this presumption or sustained his burden of showing the statute's unconstitutionality. Appellant has not demonstrated that in its operation, the statute is unconstitutional as applied to him in his situation. Moreover, he has not brought forward the statement of facts from the habeas corpus hearing. Tex.R.App.P. 50(d). A mere facial challenge to the constitutionality of a statute is most difficult. Appellant has failed to establish that no set of circumstances exists under which the statute would be valid. *Briggs,* 789 S.W.2d at 923. A statute is not unconstitutionally vague merely because it fails to define words or terms. *Engelking,* 750 S.W.2d at 215. This is true even if the legislature intended to define a word or phrase and for some reason did not. If subsection (a)(8) were stricken from the statute[5] or alone declared unconstitutional, the balance of the statute would not be affected. The statutory language "sado-masochistic abuse" can be measured by common understanding and practices or construed in the sense generally understood. *Ely,* 582 S.W.2d at 419. When read in context and construed according to the rules of grammar and common usage, the term is not vague and indefinite.

We find that former section 43.25 under which appellant is being prosecuted is not impermissibly vague as applied to appellant. When measured by its common understanding and practices, the statute fairly apprises appellant of the conduct it proscribed. *Fry,* 867 S.W.2d at 402. Appellant has not been deprived of the due process of law under the Fifth and Fourteenth Amendment to the United States Constitution either as to a lack of fair notice or the encouragement of arbitrary enforcement of the statute.

▪ Appellant also argues that the due course of law clause (Article I, section 19) of the Texas Constitution deserves "independent analysis" as to his claim that section 43.25 is unconstitutionally vague. The language of the state constitutional provision is different from the language of the corresponding federal provisions, and this Court is free to interpret our own constitution as granting greater rights to Texas citizens than the federal constitution as interpreted by the United States Supreme Court. *See*

5. *See Delorme v. State,* 488 S.W.2d 808, 811 (Tex.Crim.App.1973).

*City of Mesquite v. Aladdin's Castle,* 455 U.S. 283, 293, 102 S.Ct. 1070, 1076, 71 L.Ed.2d 152 (1982).[6] Courts have sometimes equated the due course of law clause in article I, section 19 of the Texas Constitution with the guarantees of due process under the Fourteenth Amendment to the United States Constitution, *Norris v. State,* 788 S.W.2d 65, 72 (Tex.App.—Dallas 1990, pet. ref'd), but Texas courts are not bound by United States Supreme Court decisions addressing due process issues. *Wilson v. State,* 825 S.W.2d 155, 162 (Tex.App.—Dallas 1992, pet. ref'd).

A party challenging the constitutionality of a statute has the burden of proof to establish its invalidity. *Granviel,* 561 S.W.2d at 511. Appellant has not carried his burden of proof to show that he was denied the due course of the law. He has not brought forward the statement of facts from the hearing in which the trial court denied the habeas corpus relief and upheld the constitutionality of the statute. *Cf. Ex parte Skero,* 875 S.W.2d 44, 46 (Tex.App.—Houston [1st Dist.] 1994, no pet.); Tex.R.App.P. 50(d).

Appellant's request on appeal for a separate analysis is based principally on undeveloped assertions. The two cases cited to show that due course of law should be given a different interpretation than its federal counterpart in the instant case do not involve the vagueness doctrine. A state constitutional claim must provide a court with some basis for the application of a constitutional test beyond that required of a federal constitutional analysis. *See Muniz v. State,* 851 S.W.2d 238, 252 (Tex.Crim.App.1993). An appellate court will normally decline to make state constitutional arguments for appellants. *Corwin v. State,* 870 S.W.2d 23, 27 (Tex. Crim.App.1993). We are not holding that Article I, section 19 of the Texas Constitution cannot be utilized to attack the constitutionality of a statute for vagueness. However, in light of the appellate record before this Court, we find no basis in the instant case for reaching a different conclusion under Article I section 19 of the Texas Constitution than we did under the Fifth and Fourteenth Amendments to the United States Constitution. Appellant's points of error one and two are overruled.

The orders denying habeas corpus relief are affirmed.

**6.** As to the differences *see* 1 G. Braden, *The Constitution of the State of Texas; Annotated and Comparative Analysis* 50, 67 (1977).