Office of the Attorney General · State of Texas



July 7, 2000

The Honorable Homero Ramirez
Webb County Attorney
P.O. Box 420268
Laredo, Texas 78042-0268

Opinion No. JC-0245

Re: Whether Webb County may replace a cattle guard that was removed from a county road (RQ-0183-JC)

Dear Mr. Ramirez:

You have requested our opinion as to whether section 251.009 of the Transportation Code authorizes Webb County to replace a previously existing cattle guard that was removed from a county road. For the reasons set forth below, we conclude that it may not do so.

Section 251.009 of the Transportation Code reads, in its entirety:

> (a) The commissioners court of a county with a population of less than 60,000 may authorize the construction of cattle guards on a county road of any class. A cattle guard authorized under this section is not an obstruction of the road.

> (b) The commissioners court shall establish plans and specifications for a standard cattle guard to be used on the county roads. The plans and specifications must be plainly written and supplemented by drawings as necessary and must be available for inspection by the residents of the county.

> (c) A person who constructs a cattle guard on a county road that does not conform to the plans and specifications established under Subsection (b) commits an offense. An offense under this subsection is a misdemeanor punishable by a fine of not less than $5 or more than $100.

> (d) The commissioners court may construct a cattle guard on a county road of any class and may pay for its construction from the county road and bridge fund if the court finds that the construction of the cattle guard is in the best interest of the residents of the county.

TEX. TRANSP. CODE ANN. § 251.009 (Vernon 1999). Webb County, with a population of more than 60,000,[1] may not, under subsection (a), "authorize the construction of cattle guards on a county road." *See* Tex. Att'y Gen. LO-89-065 (Webb County not authorized to construct cattle guards). You question, in effect, whether the 60,000 population limit expressed in subsection (a) also precludes Webb County from constructing a cattle guard under subsection (d).

Section 251.009 of the Transportation Code was adopted in 1995.[2] Prior to that date, the relevant provision, subsections (b)-(e) of section 2.007, article 6702-1 of the Revised Civil Statutes read:

> (b) Any county in this state containing a population of less than 60,000 inhabitants according to the most recent federal census may by a majority vote of the commissioners court authorize the construction of cattle guards across any or all of the first-class, second-class, or third-class roads in said county, and the cattle guards may not be classed or considered as obstructions on the roads.

> (c) A first-class or second-class road may not be reduced to a lower class.

> (d) The commissioners court of any county coming under this section shall provide proper plans and specifications for a standard cattle guard to be used on the roads of the county. The plans and specifications shall be plainly written, supplemented by drawings as may be necessary, and shall be available to the inspection of the citizens of the county. After the commissioners court provides the proper plans and specifications for a standard cattle guard to be used on the roads of the county, any person constructing any cattle guard that is not in accordance with the approved plans and specifications prepared by the commissioners court is guilty of obstructing the roads of the county, and the person responsible for the improper construction of the cattle guards commits a misdemeanor and shall be fined not less than $5 nor more than $100.

> (e) The commissioners court of any county *coming under the provisions of this section* may construct cattle guards on the first-

---

[1] *See* 1 BUREAU OF THE CENSUS, U.S. DEP'T OF COMMERCE, 1990 CENSUS OF POPULATION: General Population Characteristics: Texas 4 (1992) (population of Webb County is 133, 239).

[2] Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 1, 1995 Tex. Gen. Laws 1025, 1153.

> class, second-class, and third-class roads of the county and may pay
> for the construction out of the road and bridge funds of the county
> when in its judgment it believes the construction of the cattle guards
> to be in the best interest of the citizens of the county.

Act of May 20, 1983, 68th Leg., R.S., ch. 288, 1983 Tex. Gen. Laws 1431, 1437-38 (emphasis added). Thus, the question before us is whether the 1995 codification, in removing the language "coming under the provisions of this section" from what is now subsection (d) of section 251.009, means that subsection (d) is now applicable to all counties rather than merely to those with a population of less than 60,000.

The bill enacting the 1995 Transportation Code declares that "no substantive change in law is intended by this Act."[3] Prior to *Fleming Foods v. Rylander*, 6 S.W.3d 278 (Tex. 1999), we could have accepted at face value this statement of nonsubstantive codification. The *Fleming Foods* rule holds that a legislative declaration of "no substantive change" cannot be used to overcome a statute that is written in clear and unambiguous language. *Id.* at 283-84. The rule is applicable, however, only "[w]hen there is no room to interpret or construe the current law as embodying the old." *Id.* at 285. The recodification, in order to trigger the *Fleming Foods'* standard, must be "direct, unambiguous," and incapable of being "reconciled with prior law." *Id.*

In the situation you pose, this is not the case, as becomes clear by considering section 251.009 in context. It is well established that the words of a statute are to be read in context according to the rules of grammar and common usage. TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998). *See Ex parte Anderson*, 902 S.W.2d 695, 699 (Tex. App.–Austin 1991, writ ref'd); *see also Bingham v. State*, 913 S.W.2d 208, 210 (Tex. Crim. App. 1995). Considered in context, section 251.009 makes clear that its every subsection refers to "a county with a population of less than 60,000." Subsection (d), and subsection (b) as well, speak of "the" commissioners court, in contrast to "a" commissioners court, the latter term of which would be expected if subsections (d) and (b) were applicable to all counties, regardless of population. The Oxford English Dictionary defines "the" as "[m]arking an object as before mentioned or already known, or contextually particularized (*e.g.*, 'We keep a dog. We are all fond of *the* dog.')." XVII OXFORD ENGLISH DICTIONARY 877 (2d ed. 1989). This is precisely what occurs in section 251.009. Subsection (a) defines the class of counties to which section 251.009 applies — counties with a population of less than 60,000. Subsections (b) and (d) then simply "contextually particularize" this class by using the phrase "*the* commissioners court," in order to limit the class to those counties with a population of less than 60,000.

Because section 251.009 is not "direct, unambiguous, and cannot be reconciled with prior law," we conclude that *Fleming Foods* does not apply to the situation you present. Section 251.009

---

[3]*See* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 25, 1995 Tex. Gen. Laws 1025, 1871.

of the Transportation Code is applicable only to counties with a population of less than 60,000. Thus, Webb County may not, pursuant to that statute, authorize the construction, including the replacement, of cattle guards on county roads.

## S U M M A R Y

Under section 251.009 of the Transportation Code, Webb County may not replace a cattle guard that was removed from a county road.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General - Opinion Committee