COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:  In re Tulio Wilfredo Escobar

Appellate case number:  01-15-00129-CR

Trial court case number:  1329944-A

Trial court:  351st District Court of Harris County

In this mandamus proceeding, relator, Tulio Wilfredo Escobar, has filed a motion to stay the trial court "proceedings in Cause No. 1329944 until the appeal of Cause No. 1329944-A (01-15-00154-CR) is complete" and requests that we issue an order "directing the trial court to remove the hearing for the motion to revoke set on March 24, 2015 from its docket until after the appeal is reinstated and ruled upon." We deny the motion.

On March 5, 2012, in trial court cause no. 1329944, *Tulio Wilfredo Escobar v. The State of Texas*, Escobar was charged with driving while intoxicated—third offense. Escobar pleaded guilty to the offense and, on May 2, 2012, the trial court signed a judgment of conviction for the offense of driving while intoxicated—third offense, assessed punishment at confinement for five years, suspended the sentence, and placed Escobar on community supervision for three years. On October 6, 2014, the State filed a motion to revoke Escobar's community supervision.

On November 12, 2014, Escobar filed an application for a writ of habeas corpus, challenging the May 2, 2012 judgment and, alternatively, the State's motion to revoke. That habeas proceeding was docketed as cause no. 1329944-A, *Ex parte Tulio Wilfredo Escobar*. On January 22, 2015, the trial court denied Escobar's request for habeas relief, and Escobar timely filed a notice of appeal. That appeal is pending in this Court in cause no. 01-15-00154-CR and is currently abated.

After filing his notice of appeal in cause no. 1329944-A, Escobar filed a petition for writ of mandamus in this Court. That proceeding is currently pending in cause no. 01-15-00129-CR. By his petition, Escobar seeks issuance of a writ of mandamus directing the trial court judge to sign a certificate of right of appeal, and forward Escobar's notice of appeal and the record to this Court. Escobar has filed his motion for stay in the mandamus proceeding.

There are three separate proceedings: (1) the trial court proceeding in cause no. 1329944 in which the State seeks to revoke Escobar's community supervision; (2) the mandamus proceeding in this Court, arising from Escobar's habeas corpus proceeding in cause no. 1329944-A; and (3) Escobar's appeal from the trial court's denial of his application for writ of habeas corpus in cause no. 1329944-A. We have abated the appeal and remanded that cause to the trial court to obtain certification of Escobar's right to appeal and appropriate findings of fact and conclusions of law. By his motion for stay, Escobar asserts that the trial court lacks jurisdiction to hear the State's motion to revoke in cause no. 1329944 because "the appeal" has been abated "solely to correct and complete the record . . . ."

However, the appeal that we have abated is an appeal only from the trial court's order denying Escobar's request for habeas relief in cause no. 1329944-A. That habeas corpus proceeding is a separate proceeding from the case in which the State has filed a motion to revoke Escobar's community supervision. *See Ex parte Garcia*, 100 S.W.3d 243, 244 n.1 (Tex. App.—San Antonio 2001, no pet.) (citing *Ex parte Anderson*, 902 S.W.2d 695, 695 n.1 (Tex. App.—Austin 1995, pet. ref'd)); *Ex parte Shumake*, 953 S.W.2d 842, 846 n.8 (Tex. App.—Austin 1997, no pet.) (citing *Ex parte Anderson*, 902 S.W.2d at 695 n.1; *Ex parte Carter*, 849 S.W.2d 410, 411 n.2 (Tex. App.—San Antonio 1993, pet. ref'd)); *see also Trimboli v. MacLean*, 735 S.W.2d 953, 954 (Tex. App.—Fort Worth 1987, orig. proceeding) (distinguishing between appeal taken from denial of application for writ of habeas corpus and appeal of case in which defendant was indicted); *In re Victorick*, No. 09-13-00550-CR, 2013 WL 6885130, at *2 (Tex. App.—Beaumont Dec. 20, 2013, orig. proceeding) (mem. op., not designated for publication) ("A habeas corpus proceeding is appealable precisely because it is an independent original proceeding that is not part of the criminal case."). The abatement order issued in Escobar's appeal from the trial court order in cause no. 1329944-A does not affect the trial court proceedings in cause no. 1329944. *See, e.g.*, *In re Victorick*, 2013 WL 6885130, at *3; *Wheeler v. Lykos*, No. 01-89-00548-CV, 1989 WL 69378, at *1–2 (Tex. App.—Houston [1st Dist.] June 16, 1989, orig. proceeding) (not designated for publication). Accordingly, we deny Escobar's motion to stay trial court proceedings in cause no. 1329944.

It is so ORDERED.


Judge's signature: /s/ <u>Russell Lloyd</u>
        ☒ Acting individually    ☐ Acting for the Court


Date: March 17, 2015