The STATE of Texas, Appellant,

v.

Betty Ann FRY, Jimmy Fry, and Marion Roe Bernard, Appellees.

Nos. B14–92–01196–CR, B14–92–01197–CR and B14–92–01198–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 4, 1993.

Rehearing Denied Jan. 27, 1994.

William J. Delmore, III, Houston, for appellant.

W.B. House, Jr., Houston, for appellees.

Before MURPHY, SEARS and DRAUGHN, JJ.

## OPINION

MURPHY, Justice.

These are appeals from the dismissal of three separate indictments alleging each appellee committed the offenses of keeping a gambling place and possessing a gambling device. TEX.PENAL CODE ANN. §§ 47.04, 47.06 (Vernon 1989). After a hearing, the trial court found that the statutes defining these offenses, as well as section 47.01(3), which defines "gambling device," are uncon-

stitutionally vague and overbroad, both as written and as applied to the devices possessed by appellees. The court also found the statutes' vagueness resulted in arbitrary, discriminatory, and selective enforcement by law enforcement officers. The State now appeals the orders dismissing the indictments, raising three points of error. *See* Tex.Code Crim.Proc.Ann. art. 44.01(a)(1) (Vernon Supp.1993); *State v. Eaves,* 800 S.W.2d 220, 224 (Tex.Crim.App.1990).

At the hearing on October 27, 1992, the court heard testimony from two Harris County Sheriff's Officers, Capers and Lemonitsakis, about the Deluxe 8 Liner video slot machine possessed by appellees. Appellees are the owners and employees of the Starlight Club in Houston. Capers visited the Starlight Club in his undercover capacity and played the video slot machine several times. The machine is equipped with a "bill validator" which permitted him to insert a twenty dollar bill and receive 80 credits. A player wagers the number of credits he chooses, pushes a button, and then an electronic display depicts lines of fruit and numbers, much like a traditional slot machine. After accumulating credits, employees of the club paid the player in cash at the rate of one dollar per four credits. The employee then touched a "knock-off switch" with a key, which would reset the credits at zero. Detective Lemonitsakis testified that this "knock-off switch," along with the "accounting memory" of the machine, the number of credits bet upon each play, and the absence of any skill involved in its play, tended to establish the machine's character as a gambling device. At the conclusion of the hearing, the court granted appellees' motion to dismiss the indictments, and the State now brings this appeal.

■ Whenever an attack upon the constitutionality of a statute is presented for determination, we begin with the presumption that the statute is valid and that the legislature has not acted unreasonably or arbitrarily in enacting the statute. *See Ex parte Granviel,* 561 S.W.2d 503, 511 (Tex. Crim.App.1978); *Morris v. State,* 833 S.W.2d 624, 627 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd), *cert. denied,* —— U.S. ——,

113 S.Ct. 1387, 122 L.Ed.2d 762 (1993). The burden rests upon the individual challenging the statute to establish its unconstitutionality. *Id.* It is the duty of this court to uphold the statute if a reasonable construction can be ascertained which will render the statute constitutional and carry out the legislative intent. *Ely v. State,* 582 S.W.2d 416, 419 (Tex.Crim.App.1979); *Morris,* 833 S.W.2d at 627.

■ In its first point of error, the State claims the trial court erred in finding that the gambling device statutes were "overbroad," because the overbreadth doctrine is inapplicable with regard to conduct which is not protected by the First Amendment. We agree, and sustain the State's first point.

■ A statute is considered impermissibly overbroad if, in addition to proscribing activities which may constitutionally be forbidden, it sweeps speech or conduct protected by the First Amendment within its coverage. *Morehead v. State,* 807 S.W.2d 577, 580 (Tex.Crim.App.1991); *Clark v. State,* 665 S.W.2d 476, 482 (Tex.Crim.App.1984). An attack on a statute as being overbroad is normally reserved for complaints concerning First Amendment violations. *Bynum v. State,* 767 S.W.2d 769, 772 (Tex.Crim.App. 1989); *State v. Garcia,* 823 S.W.2d 793, 797 (Tex.App.—San Antonio 1992, pet. ref'd). The United States Supreme Court has not recognized an "overbreadth" doctrine outside the limited context of the First Amendment. *United States v. Salerno,* 481 U.S. 739, 745, 107 S.Ct. 2095, 2100, 95 L.Ed.2d 697 (1987). Appellees have not complained that the statute concerns any First Amendment right. We conclude that the overbreadth doctrine does not apply in this case.

■ The State argues in its second point of error that the trial court erred in finding the statutes impermissibly vague as applied in this case. The attack upon the constitutionality of the gambling statutes in this case centers on the definition of "gambling device" in section 47.01 of the penal code. The challenges to section 47.04 and 47.06 are

based upon the definitions in section 47.01.[1]

■ When challenging the constitutionality of a statute, a defendant must show that in its operation the statute is unconstitutional as applied to him in his situation; that it may be unconstitutional as to others is not sufficient. *Bynum,* 767 S.W.2d at 774. In passing on a vagueness challenge where no first amendment rights are involved, the reviewing court should not consider hypothetical situations but should scrutinize the statute only to determine whether it is impermissibly vague as applied to the challenging party's specific conduct. *Id.; Briggs v. State,* 740 S.W.2d 803, 806 (Tex.Crim.App.1987).

■ A reviewing court must make a two-part inquiry in the examination of a criminal statute for vagueness. The first inquiry is whether an ordinary, law-abiding person receives sufficient information from the statute that his conduct risks violating the criminal law. All penal laws must give notice to the populace about what activity is made criminal to provide fair notice to persons before making their activity criminal. *Bynum v. State,* 767 S.W.2d at 773. A provision need not be mathematically precise; it need only give fair warning, in light of common understanding and practices. *Grayned v. City of Rockford,* 408 U.S. 104, 110, 92 S.Ct. 2294, 2300, 33 L.Ed.2d 222 (1971); *Gordon v. State,* 757 S.W.2d 496, 497 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd). A statute is unconstitutionally vague when no core of prohibited activity is defined. *Briggs,* 740 S.W.2d at 806.

■ The second inquiry involves a determination of whether the statute provides sufficient notice to law enforcement personnel to prevent arbitrary or discriminatory enforcement. *Bynum,* 767 S.W.2d at 773; *Engelking v. State,* 750 S.W.2d 213, 215 (Tex.Crim.App.1988). A statute must be sufficiently definite to avoid the possibility of arbitrary and erratic arrests and convictions. *Papachristou v. City of Jacksonville,* 405 U.S. 156, 162, 92 S.Ct. 839, 843, 31 L.Ed.2d 110 (1972); *Gordon,* 757 S.W.2d at 497. Either of these inquiries forms an independent ground for a finding of vagueness. *Adley v. State,* 718 S.W.2d 682, 685 (Tex.Crim.App.1985).

■ A statute is not unconstitutionally vague merely because it fails to define words or terms used. *Engelking v. State,* 750 S.W.2d at 215. When words are not defined, they are ordinarily given their plain

---

1. We note that sections 47.01(3) and 47.02 of the Texas Penal Code have recently been amended; however, the amendments have prospective effect only. *See* Act effective August 30, 1993, 73rd Leg., R.S., ch. 774, § 3, 1993 Tex.Sess.Law Serv. 3030 (Vernon). The statutes in effect at the time of the offenses in this case, along with the definitions provided in the penal code, are as follows:

**§ 47.01. Definitions**
(1) "Bet" means an agreement that, dependent on chance even though accompanied by some skill, one stands to win or lose something of value.
(2) "Gambling place" means any real estate, building, room, tent, vehicle, boat, or other property whatsoever, one of the uses of which is the making or settling of bets, the receiving, holding, recording, or forwarding of bets or offers to bet, or the conducting of a lottery or the playing of gambling devices.
(3) "Gambling device" means any contrivance that for a consideration affords the player an opportunity to obtain anything of value, the award of which is determined by chance, even though accompanied by some skill, whether or not the prize is automatically paid by the contrivance.
TEX.PENAL CODE ANN. § 47.01(1), (2), & (3) (Vernon 1989).

**§ 47.02. Gambling**
(a) A person commits an offense if he:
(1) makes a bet on the partial or final result of a game or contest or on the performance of a participant in a game or contest; ... or
(3) plays and bets for money or other thing of value at any game played with cards, dice, or balls.
TEX.PENAL CODE ANN. § 47.02 (Vernon 1989).
**§ 47.04. Keeping a Gambling Place**
A person commits an offense if he knowingly uses or permits another to use as a gambling place any real estate, building, room, tent, vehicle, boat, or other property whatsoever owned by him or under his control, or rents or lets any such property with a view or expectation that it be so used.
TEX.PENAL CODE ANN. § 47.04(a) (Vernon 1989).
**§ 47.06. Possession of Gambling Device or Equipment.**
A person commits an offense if he knowingly owns, manufactures, transfers, or possess any gambling device that he knows is designed for gambling purposes or any equipment that he knows is designed as a subassembly or essential part of a gambling device.
TEX.PENAL CODE ANN. § 47.06 (Vernon 1989).

meaning, unless the statute clearly shows that they were used in some other sense. *Daniels v. State,* 754 S.W.2d 214, 219 (Tex. Crim.App.1988). In the absence of special definitions, statutory language under attack as vague can be measured by common understanding and practices or construed in the sense generally understood. *Ely v. State,* 582 S.W.2d at 419.

Appellees contend that because a gambling device does not require a "bet," its use cannot be considered gambling. They argue that one who plays a gambling device may not be charged with gambling under the statutory definition. While this may be true, it does not make the statutes in question unconstitutionally vague. Through the statute proscribing keeping a gambling place, and likewise possession of a gambling device, the legislature intended to punish more harshly the party responsible for promoting or facilitating gambling rather than the party engaged in mere gambling. *See State v. Taylor,* 805 S.W.2d 440, 442 (Tex.Crim.App. 1991). Thus, the legislature may not have intended criminal sanctions for the person playing a gambling device. In addition, we are not to analyze other hypothetical applications of the law, but are to consider the defendants' conduct in this case. *See United States v. Hines,* 696 F.2d 722, 726–27 (10th Cir.1982) (defendants could not challenge gambling statute's possible vagueness as applied to others or its failure to criminalize other types of conduct).

Appellees further contend they cannot be charged with possession of a gambling device because according to the statutory definitions, the machine cannot be designed for gambling purposes without requiring a bet. We do not accept appellees' argument.

Application of the definition of "gambling device" depends upon the physical characteristics of the particular object or device in question. *See* Op.Tex.Att'y Gen. Nos. JM–368 (1985), MW–168 (1980), H–1153 (1978), H–940 (1977). An essential element in the statutory definition is that the award of a thing of value by the device be "determined by chance, even though accompanied by some skill." TEX.PENAL CODE ANN. § 47.-01(3); Op.Tex. Att'y Gen. Nos. JM–368

(1985), MW–168 (1980), H–1153 (1978). The other essential element of a gambling device is that the operation of the device requires the payment of consideration. Op.Tex. Att'y Gen. No. MW–168 (1980). The legislature intended section 47.01(3) to reach devices such as slot machines and roulette wheels. Op.Tex. Att'y Gen. No. JM–368 (1985); *See* Searcy & Patterson, Practice Commentary, TEX.PENAL CODE ANN. § 47.01 (Vernon 1989).

As is the case with this video slot machine, when one uses a device to receive something of value for consideration paid (whether or not that consideration is called a "bet"), and the payout is based on chance rather than skill, a person of ordinary intelligence could understand that activity to constitute gambling. Because a player may win or lose money based upon chance, and can choose the amount at risk on each play, a person of ordinary intelligence would consider that the player is making a "bet." The common usage of the term "bet" includes the element of "consideration." Practice Commentary, TEX.PENAL CODE ANN. § 47.01 (Vernon 1989). The video slot machine in this case is operated by inserting money. Money clearly falls within the well-accepted definition of "consideration."

In defining what is received as a result of the game, or the "payout," the penal code distinguishes those types of games that are for amusement rather than gambling, by including the following definition: "Thing of value means any benefit, but does not include an unrecorded and immediate right of replay not exchangeable for value." TEX.PENAL CODE ANN. § 47.01(8) (Vernon 1989). This section was designed to exclude amusement-type pinball machines. *See* Practice Commentary, TEX.PENAL CODE ANN. § 47.01 (Vernon 1989). Thus, the video slot machine in this case is not excluded because (1) it records the credits won; and (2) the credits are exchangeable for value.

We find that section 47.01(3) is not impermissibly vague as applied to appellees in its definition of a "gambling device." When measured by common understanding and practices, the statute fairly apprised appellees of the nature of the conduct it proscribed. *State v. Gambling Device,* 859

S.W.2d 519, 524 (Tex.App.—Houston [1st Dist.] 1993, writ filed). Finding that the statute defining "gambling device" is not impermissibly vague, we also must find that section 47.04, which criminalizes using or permitting another to use property for playing gambling devices, and section 47.06, which criminalizes possession of a gambling device, are not unconstitutionally vague as applied to appellees. Because no skill is required to play the game and value is awarded, it is apparent that the device is designed for gambling purposes. Appellees' awareness of the device's purpose was clearly demonstrated by their payment of the accumulated credits and using the "knock-off" switch to reset the credit meter to zero. Thus, these statutes cannot be considered impermissibly vague as applied to appellees' conduct. We sustain the State's second point of error.

■ Finally, the State contends that the trial court erred in finding that the statutes are subject to arbitrary and discriminatory enforcement. We also sustain this point.

Initially, we note that the trial court made no factual findings that these laws currently are being arbitrarily enforced, or were selectively enforced against appellees. Appellees failed to present any evidence that officers are arbitrarily applying the statutes at issue in this case. They presented no evidence that any police officer has permitted video slot machines similar to the one in this case to be operated in this state. In fact, the testimony was to the contrary. Detective Lemonitsakis testified that the 8 liner video slot machine is always considered a gambling device by law enforcement officers.

Detective Lemonitsakis also testified that if he is uncertain whether a particular device should be considered a gambling device, he contacts the district attorney's office for advice. Contrary to appellees' assertions, we do not consider this as evidence that the gambling device statutes are unconstitutionally vague. See Goocher v. State, 633 S.W.2d 860 (Tex.Crim.App.1982) (obscenity statute not unconstitutionally vague despite dependence on application of community standards and officers consulting district attorney before instituting criminal charges). Even though he testified that he had been advised by the district attorney's office that the video slot machine in this case is a gambling device, he testified that he knew of no officers who did not consider it one. We need not consider other, hypothetical gambling devices that might or might not qualify as gambling devices under the statutory definition; we need only consider this video slot machine and the conduct of the appellees in this case.

■ The Constitution does not require impossible standards; all that is required is that the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. Miller v. California, 413 U.S. 15, 28 n. 10, 93 S.Ct. 2607, 2617 n. 10, 37 L.Ed.2d 419 (1973). That there may be marginal cases in which it is difficult to determine the side of the line on which a particular fact situation falls is not sufficient reason to hold the language too ambiguous to define a criminal offense. Id.; see also United States v. Pinelli, 890 F.2d 1461, 1471 (10th Cir.1989) (federal gambling statute not unconstitutionally vague because some courts had difficulty in applying one of the statute's terms to certain marginal offenses). We find that the statutes at issue provide sufficient guidelines to govern the conduct of enforcement officials. State v. Gambling Device, 859 S.W.2d at 525.

We conclude that appellees have not met their burden of establishing that the gambling statutes in this case are unconstitutional as applied to them. Appellees' indictments were dismissed in error. We reverse the orders of the trial court dismissing the indictments and remand the cases for proceedings consistent with this opinion.