Case No. 002-84828-2013

THE STATE OF TEXAS

VS.

FARHAD NAYEB

IN THE COUNTY COURT

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
3/10/2015 3:09:13 PM
LISA MATZ
Clerk

COLLIN COUNTY, TEXAS

### JUDGMENT - PLEA OF NOT GUILTY BEFORE COURT - FOUND NOT GUILTY

The defendant has been charged by information with the misdemeanor offense of **Comphrehensive Zoning Ordinance City Ordinance - Money Transmission**. This case was called for trial; the State of Texas appeared; and the defendant appeared and either had counsel or waived counsel, any waiver having been voluntarily, knowingly, and intelligently made. Both parties announced ready for trial. The defendant was arraigned or waived arraignment and pleaded Not Guilty. The defendant knowingly, voluntarily and intelligently waived a trial by jury, and the State consented to the waiver in writing. The Court, having heard the information read, the defendant's plea, the evidence submitted, and the argument of counsel, is of the opinion that the defendant is not guilty.

It is therefore ORDERED, ADJUDGED and DECREED that the defendant is acquitted of the offense of **Comphrehensive Zoning Ordinance City Ordinance - Money Transmission**, and is immediately discharged from all further liability in this case. The defendant is hereby informed of the right to an expunction of the records pertaining to this case, upon the defendant's written request to the trial Court and after notice to the State of Texas and a hearing, not later than thirty days after the date of acquittal.

**SIGNED on this the 20th day of February, 2014.**

Barnett Walker
Judge Presiding

1

Nos. 002-82536-2013, 002-82537-2013, 002-82538-2013,
002-82539-2013, 002-82540-2013, 002-82554-2013, 002-82564-2013,
002-84811-2013, 002-84812-2013, 002-84813-2013, 002-84814-2013,
002-84824-2013, 002-84825-2013, 002-84826-2013, 002-84827-2013,
002-84828-2013, 002-84829-2013, 002-84830-2013, 002-84831-2013,
002-84832-2013, 002-84833-2013, 002-84834-2013, 002-84835-2013,
002-84836-2013, 002-84837-2013, 002-84838-2013, 002-84839-2013,
002-84840-2013, 002-84841-2013, 002-84842-2013, 002-84843-2013,
002-84844-2013, 002-84845-2013, 002-84846-2013, 002-84847-2013,
002-84848-2013, 002-84849-2013

| THE STATE OF TEXAS | § | IN THE COUNTY COURT |
| | § | |
| v. | § | AT LAW NUMBER NO. 2 |
| | § | |
| FARHAD NAYEB | § | COLLIN COUNTY, TEXAS |

## STATE'S NOTICE OF VOID JUDGMENT AND MOTION TO RECONSIDER

The State of Texas, by the Collin County Criminal District Attorney, files this Notice of Void Judgment and Motion to Reconsider, and would show the following:

### 1. The Court Held a Hearing on the Validity of Melissa's Zoning Ordinance

On January 20 and February 20, 2014, the Court conducted a hearing on the Defendant's Motion Challenging the Constitutionality of the City of Melissa's Revised Zoning Ordinance No. 92-08 in the above numbered cases and in cause no. 002-82434-2013. The cases were consolidated by the agreement of the parties. During the hearing, the Court stated that the only

1

purpose of the hearing was to determine the constitutionality of the ordinance. 1 RR 5; 2 RR 10-11.[1] Counsel for the defendant likewise acknowledged the proceeding was not a trial. 2 RR 21-22. The defendant did not enter a plea, no waiver of jury trial was signed by the Defendant or the State, and the record does not otherwise reflect a jury was empaneled.

## 2. The Court Found the Ordinance Unconstitutional

The Court heard arguments of counsel and the testimony of one witness. At the conclusion of the hearing, the Court stated as follows: "So with regard to the tickets that were originally issued, the Court finds that at that time under the – Melissa's old ordinance that the Code was constitutionally void for vagueness. No one could have anticipated and been put on proper notice as to what an accessory use is." 2 RR 50-51. The Court then recessed the hearing. 2 RR 51. Later the same day, the Court went back on the record:

> THE COURT: Back on all the cases of State of Texas versus Farhad Nayeb, 002-84829-2013.
>
> The Court finds the City of Melissa's prior city ordinance was constitutionally void for vagueness. Therefore the defendant could not have violated the ordinances. Therefore the

---

[1] "1 RR" refers to the reporter's record of the January 20, 2014 hearing. "2 RR" refers to the reporter's record of the February 20, 2014 continuation of the hearing.

2

Court finds the defendant is not guilty in each offense. The new city ordinance has however cured this situation.
Any objection from the State?

MS. FOX: No, Your Honor.

THE COURT: So ordered. This takes care of those 50 cases. 2 RR 51-52.

### 3. The Written Judgment

On February 20, 2014, the Court signed a judgment of acquittal in each case. The document is titled "JUDGMENT – PLEA OF NOT GUILTY BEFORE THE COURT – FOUND NOT GUILTY" and recites that the Defendant was charged with offenses such violation of a city ordinance or "comprehensive zoning ordinance—money transmission", that the case was called to trial, that the Defendant pleaded not guilty after signing a waiver of jury trial, and that the trial court found him not guilty.[2]

### 4. The Court's Judgment of Acquittal is Void

The Court's judgment of acquittal is void because no trial was had in this case. The Court has no authority to render a judgment of acquittal outside the context of a trial. *Ex parte George*, 913 S.W.2d 523, 526 (Tex. Crim. App. 1995). And the record is clear—the proceedings held by the

---

[2] The State earlier today filed a similar motion in cause no. 002-82434-2013. A representative judgment was attached to that motion. The State has not attached a copy of the judgments to this motion because each judgment mainly differs by cause number, with subsets reflecting various ordinance violations. In any event, the State requests the Court take judicial notice of the form of the judgments entered on February 20, 2014 in the listed cause numbers.

3

Court were not a trial. The Defendant did not enter a plea, no waiver of jury trial was signed by the Defendant and consented to by the State, no jury was empanelled and sworn, and jeopardy did not attach. Accordingly, the trial court's judgment of acquittal is void and should be set aside. *See George*, 913 S.W.2d at 526-27. The Court's void judgment greatly hampers further review of the Court's order because, on its face, a judgment of acquittal is not an order appealable by the State. *See* Tex. Code Crim. Proc. art 44.01 (listing the types of orders the State may appeal).

### 5. Melissa's Ordinance Is Not Unconstitutionally Vague

An ordinance need not be mathematically precise; it need only give fair warning, in light of common understanding and practices, of what the prohibited conduct is. *Grayned v. City of Rockford*, 408 U.S. 104, 110 (1971); *Gordon v. State*, 757 S.W.2d 496, 497 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd).

In the absence of a statute in which First Amendment rights are involved, when determining whether a statute is unconstitutionally vague the reviewing court should not consider hypothetical situations, but should determine whether it is impermissibly vague as applied to the challenging party's conduct. *Briggs v. State*, 740 S.W.2d 803, 806 (Tex. Crim. App.

4

1987); *State v. Fry*, 867 S.W.2d 398, 401 (Tex. App.—Houston [14th Dist.] 1993, no pet.). "A statute is not unconstitutionally vague merely because it fails to define words or terms used." *Engelking v. State*, 750 S.W.2d 213, 215 (Tex. Crim. App. 1988). "When words are not defined, they are ordinarily given their plain meaning, unless the statute clearly shows that they were used in some other sense." *Daniels v. State*, 754 S.W.2d 214, 219 (Tex. Crim. App. 1988); *Fry*, 867 S.W.2d at 401-402.

In this case, the ordinance states a business must be included in the listed uses for a district or it is not allowed in the applicable district. Melissa, Texas, Code of Ordinances, Article 12.300 – Zoning Ordinance Adopted § 20.1 (1992); *Baird v. City of Melissa*, 170 S.W.3d 921, 925 (Tex. App.—Dallas 2005, pet. denied) (holding that because "RV Park" did not appear in the schedule of uses it was a prohibited use under the Melissa zoning ordinance). That language is neither ambiguous nor vague.

The Defendant claimed that an exception to the general rule of prohibition of non-listed uses was as an "Accessory Use," which is defined in the statute as "a subordinate use which is incidental to the main or primary use." Melissa, Texas, Code of Ordinances, at §31.2(2). But the plain language of the Ordinance does not authorize accessory uses, generally, in a

5

zoning district. Rather, the Ordinance prohibits any uses but those listed. *Id.*, Article 12.300. The only portions of the Ordinance authorizing accessory uses are for farms, orchards, and schools. *Id.* §31.2(37), (68), (82).

In any event, even if accessory uses are permitted generally, the Ordinance's definition of that term also is not vague. Because the Ordinance does not define "subordinate" or "incidental," the Court must use the plain meaning of the words. *Daniels,* 754 S.W.2d at 219; *Fry,* 867 S.W.2d at 401-402. Subordinate is commonly defined as "placed in or occupying a lower class, rank or position" and "submissive to or controlled by authority." Merriam Webster's Collegiate Dictionary 1255 (2004). Incidental is commonly defined as "being likely to ensue as a chance or minor consequence" or "occurring merely by chance or without intention or calculation." *Id.* at 629. Thus, in a gas station/convenience store setting, adding baby formula to the product mix is subordinate to or a minor consequence of the general business of selling gas and groceries. But additional construction to the building in order to cash checks for fees and the buying of gold represent separate lines of business that generally stand alone, and thus would not be subordinate or a minor consequence of selling gas and groceries.

6

Melissa's Zoning Ordinance gave a person of ordinary intelligence fair warning, in light of common understanding and practices, that running a check cashing *business* within a service station is in violation of the Ordinance, whether as a prohibited use or because it is not an "accessory use" to the service station. The Ordinance gives a clear and concise definition of what an "accessory use" is, using words in common usage that are easily defined. Thus, it provides clear notice to the public and clear guidelines to officers as to what is prohibited. And the evidence heard by the Court was that Nayeb's check cashing business was not an accessory use occurring merely by chance: rather, he constructed a bullet-proof booth in the store solely for the business of cashing payroll checks. 2 RR 14-32, 43.

In any event, whether Mr. Nayeb's check cashing business was an improper use or an accessory use that is subordinate and incidental to his service station is a question of fact for a fact finder. This is not different than a fact finder determining if someone has lost the "normal use" of their mental or physical faculties in a DWI case. That a fact finder must determine whether a person lacks the "normal use" of their mental and physical faculties does not mean that the DWI law is vague. Here, just like DWI law states someone must be intoxicated, the Ordinance clearly states that a

7

business must be specifically listed (or perhaps an "accessory use") to be allowed. That a fact finder must determine whether Mr. Nayeb's check cashing business is a proper use of his service station is not a constitutional question of vagueness, but simply why the legal system has trials.

That the City of Melissa has since amended its zoning ordinance to more specifically address the business at issue does not demonstrate that the ordinance applicable to these citations was unconstitional. The Texas Rules of Evidence limits the consideration of subsequent remedial measures in negligence cases. *See* Tex. R. Evid. 407(a). The policy reason behind this rule is that it discourages people from making positive change. *See generally* Cathy Cochran, Texas Rules of Evidence Handbook 319 (2003 ed.). And even though Melissa has clearly prohibited the check cashing business in question here in the revised Ordinance, the city also enacted many other detailed changes to the zoning ordinance. *See generally* Defendant's Exhibit A2 (containing the 2013 zoning ordinance). That the city council chose to make certain provisions more detailed does not generally demonstrate their earlier language did not give fair notice to the defendant.

8

### 6. The Court Should Set Aside its Void Judgment and Set the Case for Trial

The Court's judgments of acquittal were entered without legal authority because the hearing regarding the validity of the Ordinance was not a trial. The State requests that the Court set aside those orders and judgments. Furthermore, the State requests that the Court deny the Defendant's Motion Challenging the Constitutionality of the City of Melissa's Revised Zoning Ordinance No. 92-08 because the Ordinance clearly proscribes non-listed uses such as check cashing businesses and the accessory use provision in the Ordinance is simply inapplicable. Even if the accessory use provision is applicable, it gives sufficient notice to citizens to meet constitutional muster. In the alternative, the State requests that the Court set aside its void judgment of acquittal and enter an order that reflects the Court's oral ruling in its effective sense, i.e. that the charge is dismissed because the Court found the Ordinance unconstitutional.

### 7. The State requests a Hearing on This Motion

The State requests an immediate hearing on this Motion in order to best preserve its ability to defend the Ordinance by all legal means available.

9

## Prayer

Wherefore, the State Prays that the Court grant this Motion, set aside the judgments of acquittal, and set the cases for trial as further detailed above.

Greg Willis
Criminal District Attorney

John R. Rolater, Jr.
Assistant Criminal District Attorney
2100 Bloomdale Rd., Ste. 200
McKinney, Texas 75071
972-548-4323
214-491-4860

## Certificate of Service

I hereby certify a copy of the foregoing document has been served on opposing counsel, Thomas Keen, by electronic mail to tom@keenlawfirm.com, and by facsimile to 972-499-2446 on this the 10th day of March, 2014.

John R. Rolater, Jr.

10

**Cause No. 002-82535-2013, 002-82536-2013, 002-82537-2013, 002-82538-2013, 002-82539-2013, 002-82540-2013, 002-82541-2013, 002-82545-2013, 002-82546-2013, 002-82551-2013, 002-82553-2013, 002-82554-2013, 002-82555-2013, 002-82557-2013, 002-82560-2013, 002-82563-2013, 002-82564-2013, 002-82565-2013, 002-84704-2013, 002-84810-2013, 002-84811-2013, 002-84812-2013, 002-84813-2013, 002-84814-2013, 002-84815-2013, 002-84816-2013, 002-84823-2013, 002-84824-2013, 002-84825-2013, 002-84826-2013, 002-84827-2013, 002-84828-2013, 002-84829-2013, 002-84830-2013, 002-84831-2013, 002-84832-2013, 002-84833-2013, 002-84834-2013, 002-84835-2013, 002-84836-2013, 002-84837-2013, 002-84838-2013, 002-84839-2013, 002-84840-2013, 002-84841-2013, 002-84842-2013, 002-84843-2013, 002-84844-2013, 002-84845-2013, 002-84846-2013, 002-84847-2013, 002-84848-2013, 002-84849-2013 and 002-84850-201**

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | **IN THE COUNTY COURT** |
| | § | |
| **V.** | § | **AT LAW NO. 2** |
| | § | |
| **FARHAD NAYEB** | § | **COLLIN COUNTY, TEXAS** |

## ORDER

On this day came to be heard the State's Notice of Void Judgment and Motion to Reconsider. The defendant appeared through counsel of record Thomas Keen and the State appeared through Assistant Criminal District Attorney John Rolater. After hearing the argument of the parties and considering the evidence and argument previously heard in hearings in this matter, the Court enters the following orders:

The Judgment of Acquittal previously entered by the Court on February 20, 2014, is void and is hereby set aside.

Order     1

The City of Melissa Zoning Ordinance No. 92-08 is unconstitutionally vague because it does not give fair notice to citizens accused of violating the ordinance by cashing checks and/or transmitting money allegedly contrary to the permitted uses of a premises covered by the ordinance.

Entered this the 12th day of March, 2014.


_____
Barnett Walker, Judge Presiding


Approved as to form only:


_____
Thomas Keen, Attorney for the Defendant


_____
John R. Rolater, Jr.
Assistant Criminal District Attorney


Order                                                                                                                     2

Cause No. 002-84828-2013

| STATE OF TEXAS | § | IN THE COUNTY COURT |
| | § | |
| V. | § | AT LAW NO. 2 |
| | § | |
| FARHAD NAYEB | § | COLLIN COUNTY, TEXAS |

## ORDER DISMISSING COMPLAINT

The Court, having previously determined that City of Melissa Zoning Ordinance No. 92-08 is unconstitutionally vague because it does not give fair notice to citizens accused of violating the ordinance by cashing checks and/or transmitting money allegedly contrary to the permitted uses of a premises covered by the ordinance, hereby orders that the Complaint be, and it is hereby, DISMISSED. *See Ex parte Lo*, 424 S.W.3d 10, 27 (Tex. Crim. App. 2013).

Entered this the _19_ day of February, 2015.

_Barnett Walker, Judge Presiding_

Order

Cause No. 002-84828-2013

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE COUNTY COURT |
| | § | |
| V. | § | AT LAW NO. 2 |
| | § | |
| FARHAD NAYEB | § | COLLIN COUNTY, TEXAS |

## NOTICE OF APPEAL

To the Honorable Judge of Said Court:

The State of Texas by and through her prosecuting attorney, Greg Willis, Collin County Criminal District Attorney, and **within 20** days of the trial court's order files this written notice of appeal to the Fifth District Court of Appeals of Texas.

The order appealed from is an order dismissing the complaint. *See* Tex. Code Crim. Proc. art. 44.01(a)(1).

Wherefore, premises considered, the State prays this notice of appeal be entered of record; and that further proceedings be stayed pending the disposition of this appeal.

Greg Willis
Criminal District Attorney

A copy of the foregoing has been served on Tom Keen, 555 Republic Dr., Ste. 325, Plano, TX 75074 on this the 9th day of March, 2015.

/s/ John Rolater
Assistant Criminal District Attorney

State's Notice of Appeal                                                                 1