

KEN PAXTON

ATTORNEY GENERAL OF TEXAS

June 10, 2026

The Honorable Bob Hall
Chair, Senate Committee on Administration
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

**Opinion No. KP-0520**

Re: Whether an amusement machine is considered a gambling device under the Texas Penal Code when the machine offers both chance-based and skill-based game modes (RQ-0637-KP)

Dear Senator Hall:

You ask whether Chapter 47 of the Penal Code applies to certain electronic amusement machines.[1] As background, you describe the interrelated games on these machines in detail. *See* Request Letter at 1–2. In that context, you inquire whether machines that combine an initial chance-based game with a subsequent skill-based game qualify as "gambling device[s]" under Chapter 47. *Id.* at 1. We begin by summarizing the facts you provide.

**You describe amusement machines featuring a combination of chance-based and skill-based play.**

As we understand it, the machines described in your request operate in two interconnected modes. *See id.* at 1−2. In the first mode, a player inserts "currency or tokens into the machine" to obtain credits and then plays a game that functions "like a video slot machine." *Id.* at 1. You explain that "the electronic symbols are arranged randomly," and the player exercises no "control over where each electronic symbol is displayed." *Id.* Players "win or lose credits depending on the random arrangement of the nine electronic symbols." *Id.* If a player continues playing, the machine charges additional credits for each new spin and displays a fresh random arrangement. *Id.*

You tell us that the machine also offers an optional secondary mode called "Follow Me." *Id.* This mode allows participants to "reclaim the consideration they have just wagered and lost during their most recent unsuccessful spin." *Id.* at 1−2. It displays numbers one through nine, and the player must press numbers "in a certain order determined by the machine." *Id.* at 2. The

---

[1] *See* Letter from Hon. Bob Hall, Chairman, S. Comm. on Admin., to Hon. Ken Paxton, Tex. Att'y Gen. at 1 (Mar. 6, 2026), https://www.texasattorneygeneral.gov/sites/default/files/request-files/request/2026/RQ0637KP .pdf ("Request Letter").

sequence lengthens until the player either makes a mistake or successfully "press[es] a string of twenty numbers in the correct order." *Id.* A successful completion returns "the amount wagered and lost on the previous roll." *Id.*

Together, these two modes combine a chance-based slot-style game with a skill-based memory-sequence game that offers players a structured opportunity to recoup losses from the first game. We cannot determine through the opinion process whether any specific machine qualifies as a gambling device, because that determination is a highly fact dependent inquiry. *See* Tex. Att'y Gen. Op. No. KP-0425 (2023) at 3. But we can explain how Chapter 47 applies generally to machines possessing the characteristics that you describe.

**Penal Code Chapter 47 generally prohibits gambling devices.**

The Texas Penal Code generally prohibits gambling devices. In relevant part, section 47.06 criminalizes the ownership, manufacture, transfer, or possession of "any gambling device" or any equipment "designed as a subassembly or essential part of a gambling device." TEX. PENAL CODE § 47.06(a). Sections 47.03 and 47.04 prohibit operation of or participation in a "gambling place," *id.* §§ 47.03(a)(1), .04(a), which Chapter 47 defines to include any property where gambling devices are played, *id.* § 47.01(3). And Chapter 47 defines the term "gambling device" to mean the following:

> any electronic, electromechanical, or mechanical contrivance . . . that for a consideration affords the player *an opportunity to obtain anything of value*, the award of which is determined *solely or partially by chance*, *even though accompanied by some skill*, whether or not the prize is automatically paid by the contrivance.[2]

*Id.* § 47.01(4) (emphases added) (footnote added). Your question requires us to determine whether the combination of a chance-based slot game and a subsequent skill-based memory game falls within this statutory definition—specifically, whether the award of value is determined "partially by chance, even though accompanied by some skill." *See id.*; Request Letter at 1.

**Any element of chance suffices to render an electronic amusement machine a "gambling device" under Chapter 47 of the Penal Code.**

Our office employs the same tools of statutory construction commonly utilized by courts. *See* Tex. Att'y Gen. Op. No. KP-0144 (2017) at 3. We therefore read subsection 47.01(4) in context, "giving effect to every word, clause, and sentence." *In re Off. of Att'y Gen.*, 422 S.W.3d 623, 629 (Tex. 2013) (orig. proceeding). We begin with the text to determine and effectuate "the Legislature's intent as expressed by the plain and common meaning of the statute's words." *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 683 (Tex. 2007). And we "presume the Legislature selected statutory words, phrases, and expressions deliberately and purposefully and

---

[2] The definition also expressly includes certain electronic games that "operate by chance or partially so, that as a result of the play or operation of the game award credits or free games," and that "record the number of free games or credits so awarded and the cancellation or removal of the free games or credits." TEX. PENAL CODE § 47.01(4)(A).

was just as careful in selecting the words, phrases, and expressions that were included or omitted." *In re Xerox Corp.*, 555 S.W.3d 518, 527 (Tex. 2018).

Under subsection 47.01(4)'s plain language, a gambling device need not rely entirely—or even primarily—on chance. *See* TEX. PENAL CODE § 47.01(4). So long as chance plays any role in determining whether the player obtains something of value, the device satisfies the statutory definition. Texas courts have consistently applied this "plain and ordinary meaning." *See, e.g.*, *State v. Gambling Device*, 859 S.W.2d 519, 523 (Tex. App.—Houston [1st Dist.] 1993, writ denied). In particular, the First Court of Appeals explained that gambling devices under Chapter 47 include "contrivances that incorporate any element of chance, even if the exercise of skill also influences the outcome." *Id.* Indeed, "[e]ven a contrivance that is *predominantly a game of skill* may be determined by chance." *Id.* (emphasis added).

Applying these principles to the games you describe leads us to conclude that any award of value remains inextricably intertwined with the element of chance. A player must begin with the primary game that functions like a "video slot machine." Request Letter at 1. Such machines are widely recognized as games of chance. *See State v. Fry*, 867 S.W.2d 398, 402 (Tex. App.—Houston [14th Dist.] 1993, no pet.) (recognizing that the Legislature intended Chapter 47's definition of gambling device "to reach devices such as slot machines," including a "video slot machine"). This first mode operates entirely by random symbol arrangement, over which the player has no control. Request Letter at 1. No credits or prizes are available except through this chance-based game. *See id.* Indeed, only after a loss of the primary game does the player gain access to the optional "Follow Me" skill-based portion of the game.[3] *Id.* at 1−2. Thus, a player certainly has "an opportunity to obtain [something] of value[] . . . determined solely or partially by chance." TEX. PENAL CODE § 47.01(4). And the skill-based portion of the game does nothing to alter this fact. For these reasons, machines with the features you describe qualify as "gambling devices" under Chapter 47.[4]

---

[3] As presented, a player could win something of value purely through the chance-based mode and then simply stop playing. A lucky player may never even encounter the "Follow Me" mode at all. If a player never lost the chance-based round of play or simply declined to play the skill-based portion, the gains from earlier rounds would be realized purely pursuant to a game of chance.

[4] We need not address your second question, as it is contingent on us reaching the contrary conclusion that the machines you describe are games of skill and thus not subject to Chapter 47's prohibitions. *See* Request Letter at 1 (asking whether "a game of skill [may] award a prize in an amount greater than $5 in value").

**S U M M A R Y**

An amusement machine that offers both a chance-based game mode as well as a skill-based mode is a gambling device under Penal Code Chapter 47 so long as chance plays any role in determining whether the player receives something of value, regardless of the presence of skill.

Very truly yours,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

MICHAEL C. COTTON
Chair, Opinion Committee

AMY L. K. WILLS
Assistant Attorney General, Opinion Committee